# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**906**

**CA 13-00083**

PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

VILLAGE OF LOWVILLE,
PLAINTIFF-PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

COUNTY OF LEWIS,
DEFENDANT-RESPONDENT-RESPONDENT.

---

HRABCHAK, GEBO & LANGONE, P.C., WATERTOWN (MARK G. GEBO OF COUNSEL),
FOR PLAINTIFF-PETITIONER-APPELLANT.

RICHARD J. GRAHAM, COUNTY ATTORNEY, LOWVILLE, FOR DEFENDANT-
RESPONDENT-RESPONDENT.

---

Appeal from a judgment (denominated memorandum decision and order) of the Supreme Court, Lewis County (Hugh A. Gilbert, J.), entered August 10, 2012. The judgment, among other things, dismissed the complaint-petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: As limited by its notice of appeal, plaintiff-petitioner (plaintiff) appeals from that part of a judgment denying plaintiff's request for specific performance of a tax exemption agreement, as asserted in the second cause of action, and dismissing the complaint-petition. We note at the outset that, although plaintiff also sought a declaration, Supreme Court properly did not grant such relief where, as here, plaintiff "has an adequate, alternative remedy in another form of action, such as breach of contract" (*Apple Records v Capitol Records*, 137 AD2d 50, 54).

In 1998 the parties executed a written agreement (Exemption Agreement) in which defendant-respondent (defendant) agreed to grant plaintiff a tax exemption for its water treatment facility property pursuant to RPTL 406 (3). The Exemption Agreement provided that plaintiff would receive a tax exemption for "so long as the [water treatment facility property] is used for a public purpose satisfying the requirements of [RPTL 406]." The Exemption Agreement further provided that an amendment to RPTL 406 (3), some "other legislative change," or a final court order subjecting the property to taxation shall modify the obligations of the parties to comply with such amendment, legislative change or court order. In 2011, after conducting a study of its tax exemption policies, defendant's Board of

Legislators (County Board) passed a resolution (2011 resolution) to phase out all tax exemptions for municipal water and sewage treatment facilities, including the tax exemption with respect to plaintiff's facility under the Exemption Agreement.  In 2012, the County Board voted on a resolution that would grant an exemption solely to plaintiff while continuing to phase out the exemptions for all other municipalities, but the resolution did not pass.

With respect to plaintiff's cause of action for specific performance of the Exemption Agreement, we agree with the court that the County Board's adoption of the 2011 resolution phasing out all tax exemptions for municipal water and sewage treatment facilities constituted a "legislative change" within the meaning of the Exemption Agreement.  The County Board is a legislative body that exercises defendant's power "through a local law or resolution duly adopted by the board" (County Law § 153 [1]; see § 150-a [1]), and the Exemption Agreement specifically provides that a legislative change shall modify the obligations of the parties to comply with such legislative change. We therefore affirm the judgment insofar as appealed from.

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court